FILED
2022 APR 14 AM 11:29
CLERK
U.S. DISTRICT COURT

ANDREA T. MARTINEZ, United States Attorney (#9313)
TODD C. BOUTON, Assistant United States Attorney (#17800)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: todd.bouton@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. LINDA TUFUI TOLI, Defendant. | FELONY INFORMATION<br><br>COUNT 1: 18 U.S.C. § 1343, Wire Fraud<br><br>Case: 2:22−cr−00133<br>Assigned To : Barlow, David<br>Assign. Date : 4/14/2022<br>Description: USA v Toli |
|---|---|

The United States Attorney Charges:

**BACKGROUND ALLEGATIONS**

At all times relevant to this Information:

1. The defendant, LINDA TUFUI TOLI ("LINDA TOLI"), was a resident of Salt Lake County, Utah.

2. From on or about February 22, 2021 until September 7, 2021, TOLI worked for XpresCheck at the Salt Lake City International Airport (the "Airport"). XpresCheck is a company that is "committed to helping protect America's airports—and the health of

everyone who passes through them—with fast, accurate COVID-19 testing right in the terminal." https://www.xprescheck.com/ (last visited on December 10, 2021).

3.     XpresCheck specifically provided on-site COVID-19 testing in the Airport for persons seeking to travel to Hawaii and other destinations. During the COVID-19 pandemic, and at all times relevant to this Information, these destinations often required those entering their borders to test negative for COVID-19 before boarding a flight there.

### Hawaii's Preflight COVID-Testing Requirements

4.     At all times relevant, to reduce the risk of COVID-19 transmission, the State of Hawaii specifically required all travelers entering the State who were not fully vaccinated to either self-quarantine for 10-days or meet the requirements of Hawaii's "Safe Travels" program. *Coronavirus (COVID-19) Transportation Related Information and Resources*, https://hidot.hawaii.gov/coronavirus/ (last visited December 10, 2021). The Safe Travels program required passengers to both (a) obtain a negative COVID-19 test from a trusted testing and travel partner taken within 72 hours before departure to Hawaii; and (b) complete the State of Hawaii Travel and Health form. *Id.*

### Other Countries' Similar Preflight COVID-Testing Requirements

5.     At all times relevant, other countries, such as France, Germany, Italy, and Israel also imposed similar requirements on travelers to their respective countries. United States citizens traveling to France were required to present proof of vaccination and a negative COVID test performed within the 48 hours prior to departure for France. U.S. Embassy & Consulates in France, COVID-19 Information at https://fr.usembassy.gov/covid-19-information/ (last visited December 14, 2021). To enter

2

Germany, all United States Citizens ages 12 and older were required to submit proof of vaccination (with one of a vaccine listed on this website), proof of recovery from COVID-19 in the last 6 months, or a negative COVID-19 test. U.S. Embassy & Consulates in Germany, COVID-19 Information at https://de.usembassy.gov/covid-19-information/ (last visited December 14, 2021). From August 31 to December 15, 2021, to enter Italy, travelers from the United States had to present a negative molecular PCR or rapid antigen test result carried out within 72 hours of arrival and to fulfill other requirements. U.S. Embassy & Consulates in Italy, COVID-19 Information at https://it.usembassy.gov/covid-19-information/ (last visited December 14, 2021). During this same timeframe, the Israeli government required that all foreign travelers present a negative COVID-19 test (PCR and/or serology) before entering Israel. U.S. Embassy in Israel, COVID-19 Information at https://il.usembassy.gov/covid-19-information/ (last visited December 15, 2021).

## THE SCHEME AND ARTIFICE TO DEFRAUD

6. Beginning in and around July 2021, and continuing through at least September 4, 2021, within the Central Division of the District of Utah and elsewhere, defendant LINDA TOLI knowingly devised and executed a scheme and artifice to defraud, to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and omissions of material facts.

7. In executing and attempting to execute the scheme and artifice to defraud, and in furtherance thereof, defendant LINDA TOLI:

    a. Fraudulently diverted XpresCheck's business to herself by:

    i. Intercepting calls from travelers seeking to schedule COVID-testing services from XpresCheck in order to travel to Hawaii, Israel, or other destinations;

    ii. Cancelling their appointments with XpresCheck for preflight COVID testing;

    iii. Falsely telling the travelers that they only needed a letter from XpresCheck to travel to their destination, and that they could upload the letter to the Hawaii (or other destination) website;

    iv. Arranging for the travelers to purchase from her what she knew to be counterfeit negative COVID-19 test results, instead of obtaining legitimate COVID tests from XpresCheck;

    v. Arranging for the travelers to send money to her personal Cash App or XPres $App accounts or to her husband's Venmo account to pay for the "service"; and

    vi. Generally charging the travelers $200 or $250 per counterfeit test result.

b. Using phones and her private "tufui104@gmail.com" email account to:

    i. Obtain the information to create the counterfeit negative COVID-19 test results;

    ii. Obtain the payments for the counterfeit negative COVID-19 test results;

      iii. Transmit the counterfeit negative COVID-19 test results to the travelers; and

      iv. Instruct the travelers how to upload the counterfeit negative COVID-19 test results to various websites to facilitate their air travel to destinations that required legitimate negative COVID-19 test results.

   c. Altering XpresCheck customers' charts with misspelled names, fake addresses, or unusual items.

   d. Using a prior Clinical Laboratory Improvements Amendments ("CLIA") number on the counterfeit negative COVID-19 test result forms to evade detection and to further or to conceal the scheme and artifice to defraud;

8. It was the object of the scheme and artifice to defraud for defendant LINDA TOLI to obtain money from the travelers that was meant for, and rightfully belonged to, her then employer, XpresCheck, through false statements, misrepresentations, deception, and omissions of material facts, and thereafter to divert the money for her own use.

## COUNT 1
## 18 U.S.C. § 1343
## (Wire Fraud)

9. All of the allegations set forth above are incorporated herein by reference and realleged as though fully set forth herein.

10. On or about the dates listed below, in the Central Division of the District of Utah and elsewhere,

**LINDA TUFUI TOLI**

5

defendant herein, having devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, promises, and omissions of material facts, for the purpose of executing said scheme and artifice to defraud, did cause to be transmitted by means of wire communication certain writings, signs, and signals, that is, an interstate wire, as represented below:

| Count | Date | Use of Interstate Wires | Payment Amount | Payment Method |
|---|---|---|---|---|
| 1 | 9/4/2021 to 9/6/2021 | Email communications to V.B. (now V.S.) to arrange payment for and transmission of counterfeit negative COVID test results. And wire payment. | $200 | Venmo |

All in violation of 18 U.S.C. § 1343.

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense charged herein in violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States of America all property, real or personal, that constitutes or is derived from proceeds traceable to the scheme to defraud. The property to be forfeited includes, but is not limited to, the following:

- A money judgment representing the value of any property, real or personal, constituting or derived from proceeds traceable to the scheme to defraud and not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p).

- Substitute property as allowed by 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

ANDREA T. MARTINEZ
United States Attorney

_____
TODD C. BOUTON
Assistant United States Attorney